Ronald E. Powdrell v. Chase Mortgage Co., Chemical Mortgage















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-154-CV

Â Â Â Â Â RONALD E. POWDRELL,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â CHASE MORTGAGE CO.,
Â Â Â Â Â F/K/A CHEMICAL MORTGAGE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the County Court at Law No. 2
Dallas County, Texas
Trial Court # CC-00-720-B
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Chase Mortgage Co. brought a forcible detainer suit in a Dallas County Justice Court
against Ronald Powdrell after Powdrell refused to vacate property Chase acquired at a
foreclosure sale. Tex. Prop. Code Ann. Â§ 24.002 (Vernon Supp. 2000). Powdrell failed to
answer Chaseâs petition and the Justice of the Peace rendered a default judgment against him
awarding Chase possession of the property. Powdrell appealed to the Dallas County Court at
Law No. 2, but again failed to file a written answer even though he had been advised to file
one as required by the Rules of Civil Procedure. Tex. R. Civ. P. 751. The County Court at
Law rendered a default judgment against Powdrell awarding possession of the property to
Chase and again he filed an appeal from that judgment.
Â Â Â Â Â Â The Clerkâs Record was filed on March 10, 2000. Powdrell has not requested a
Reporterâs Record; thus, his brief was due thirty days after the Clerkâs Record was filed, i.e.,
by April 10, 2000. Powdrell has not filed a brief, a motion for extension of time, or any other
document with this Court since his appeal was filed.
Â Â Â Â Â Â On June 9, 2000, Chase filed a motion to dismiss this appeal for want of prosecution,
arguing that Powdrellâs failure to file a brief, move for an extension, or offer any excuse for
his failure to do so constitutes want of prosecution. See Tex. R. App. P. 38.8(a)(1). Although
we have waited for nearly a month to rule upon the motion, Powdrell has not responded to
Chaseâs request. 
Â Â Â Â Â Â Therefore, we grant Chaseâs motion and dismiss this appeal for want of prosecution.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis
Â Â Â Â Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Â Â Â Â Justice Gray
Dismissed
Opinion delivered and filed July 19, 2000
Do not publish



ve.

Search Warrant

   In his first issue, Noland argues that
the trial court erred in overruling his motion to suppress evidence of alleged
pornographic images of children extracted from his computer hard drive secured
pursuant to a search warrant.Â  

Â Â Â Â Â Â Â Â Â Â Â  Prior to trial, Noland filed three
ÂboilerplateÂ motions to suppress.Â  One requested suppression of statements he
may have made.Â  Another requested the suppression of evidence seized during a warrantless
search of his residence, land, or business.Â  The third, and the subject of this
appeal, requested the suppression of personal property seized without a
warrant.[1] 

Â Â Â Â Â Â Â Â Â Â Â  At the start of the trial, Noland
offered to have the court ÂcarryÂ the motions throughout the trial, suggesting
that he would like to be heard on the motions at some point after some
witnesses testified.Â  After Norris testified, Noland requested to be heard on
his motion to suppress personal property which had, by then, morphed into an
oral motion to suppress the computer seized pursuant to the search warrant.Â  It
is difficult to determine from the record exactly why Noland thought there was
a problem with the search pursuant to the warrant.Â  Nevertheless, by the end of
the argument by the parties, the issue again morphed into a different
question:Â  was there probable cause to support the issuance of the search
warrant.[2]Â  The
trial court found that NolandÂs volunteered statement that the pornography on
his computer was illegal was sufficient to support a warrant.

Â Â Â Â Â Â Â Â Â Â Â  Now on appeal, the complaint appears
to have morphed again.Â  Noland gives four reasons in support of his issue that
the trial court erred in denying his motion to suppress.Â  First, he contends
that our review is limited to the four corners of the affidavit in support of
the search warrant.Â  Second, he contends he has standing to assert an article
38.23 violation.[3]Â 
Third, he contends an article 38.23 violation was contained in the affidavit in
support of the search warrant.Â  Fourth, he contends we cannot consider his
statement concerning the illegal pornography on his computer. 

Applicable Law

Â Â Â Â Â Â Â Â Â Â Â  The Fourth Amendment prohibits
unreasonable searches and seizures.Â  Beeman v. State, 86 S.W.3d 613, 615
(Tex. Crim. App. 2002) (citing U.S. Const.
Amend. IV; Minnesota v. Carter, 525 U.S. 83, 88, 142 L. Ed. 2d 373, 119 S. Ct. 469 (1998)).Â  But searches conducted pursuant to a
warrant "will rarely require any deep inquiry into reasonableness."Â  Id. (quoting United States v. Leon, 468 U.S. 897, 922, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984)).Â  There is a strong preference for searches conducted with a warrant
because they are issued based on "the informed and deliberate
determinations" of a neutral and detached magistrate.Â  Id. (quoting
United States v. Ventresca, 380 U.S. 102, 105-106, 13 L. Ed. 2d 684, 85
S. Ct. 741 (1965); Aguilar v. Texas, 378 U.S. 108, 110-11, 12 L. Ed. 2d
723, 84 S. Ct. 1509 (1964)).

Â Â Â Â Â Â Â Â Â Â Â  Probable cause to issue a search
warrant exists when, under the totality of the circumstances, there is a
"fair probability" that contraband or evidence of a crime will be
found at the specified location.Â  Rodriguez v. State, 232 S.W.3d 55, 60
(Tex. Crim. App. 2007).Â  The inquiry for reviewing courts, including the trial
court, is whether there are sufficient facts, coupled with reasonable
inferences from those facts, to establish a "fair probability" that
evidence of a particular crime will likely be found at a given location.Â Â  Id. at 62.Â  "We must defer to the magistrate's finding of probable cause if the
affidavit demonstrates a substantial basis for his conclusion."Â  Id. at 64.

Â Â Â Â Â Â Â Â Â Â Â  We review a trial court's ruling on a
motion to suppress evidence under a bifurcated standard of review.Â  St.
George v. State, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).Â  We give
almost total deference to the trial court's determination of historical facts
and review de novo the trial court's application of law to facts not turning on
credibility and demeanor.Â  Ford v. State, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).

Application

Â Â Â Â Â Â Â Â Â Â Â  On appeal, two arguments Noland makes
to support his issue are that he has standing to assert an article 38.23
violation and that an article 38.23 violation was contained in the affidavit in
support of the search warrant.Â  Noland contends on appeal that he had a
legitimate expectation of privacy in his computer hard drive.Â  But this was not
an argument that was expressly made to the trial court.Â  At the hearing on the
motion to suppress, Noland only alluded to the concept of an expectation of
privacy by discussing a case in which the expectation of privacy in a computer
was central to the holding of the court.Â  See United States v.
Barth, 26 F. Supp. 2d 929 (W.D. Tex. 1998, order).Â  Noland discussed the Barth
case and two cases distinguishing it and then concluded that the search was
illegal and the evidence should be suppressed as fruit of the poisonous tree.Â 
Further, Noland never pointed out to the trial court that he viewed McSpadonÂs
actions as a violation of the law.Â  Accordingly, the arguments made at trial
were not sufficiently specific to preserve for our review the arguments Noland
makes now on appeal.Â  See Tex. R.
App. P. 33.1; Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim.
App. 2005) ("Appellant's global statements in his pretrial motion to
suppress were not sufficiently specific to preserve the arguments he now makes
on appeal.").

Â Â Â Â Â Â Â Â Â Â Â  Noland also argues on appeal that we
cannot review the testimony presented prior to the argument on the motion to
suppress because we are limited to the Âfour cornersÂ of the affidavit.Â  At the
hearing on the motion to suppress, Noland specifically asked the trial court to
consider the testimony of the witnesses who had just testified. Regardless of
whether NolandÂs request at trial amounted to invited error, a question we do
not decide, we note that the testimony presented encompassed the same
information that was included in the search warrant affidavit which, although
it was not at that time in evidence, was ultimately introduced at the end of
the presentation of testimony when Noland was requesting a specific jury
instruction which will be discussed in connection with NolandÂs second issue.Â 
And because NolandÂs volunteered admission to McSpadon that the pornography on
his computer was illegal was included within the search warrant affidavit,
there are sufficient facts, coupled with reasonable inferences from those
facts, to establish a "fair probability" that evidence of a
particular crime would likely be found on the computer hard drive. 

Â Â Â Â Â Â Â Â Â Â Â  But Noland also argues that we cannot
consider his Âlay opinionÂ about the illegality of the pornography.Â  He cites
no authority for that proposition.Â  That argument is inadequately briefed and
presents nothing for review.Â  See Tex.
R. App. P. 38.8 (h).Â  Accordingly, probable cause existed to issue the
search warrant.

Â Â Â Â Â Â Â Â Â Â Â  Because probable cause existed to
issue the search warrant, the trial court did not err in overruling NolandÂs
motion to suppress.Â  NolandÂs first issue is overruled.

Jury Instruction

Â Â Â Â Â Â Â Â Â Â Â  By his second issue, Noland argues
that the trial court erred in failing to submit a requested article 38.23
instruction to the jury.Â  He contends there was a disputed fact issue on the
scope of authority given to McSpadon.

Â Â Â Â Â Â Â Â Â Â Â  A defendant's right to the submission
of jury instructions under Article 38.23(a) is limited to disputed issues of
fact that are material to his claim of a constitutional or statutory violation
that would render evidence inadmissible.Â  Madden v. State, 242 S.W.3d
504, 509-510 (Tex. Crim. App. 2007).Â  There are three requirements that a defendant
must meet before he is entitled to the submission of a jury instruction under
article 38.23(a): 

(1) The evidence heard by the jury must raise an
issue of fact;

Â 

(2) The evidence on that fact must be
affirmatively contested; and

Â 

(3) That contested factual issue must be material
to the lawfulness of the challenged conduct in obtaining the evidence. 

Â 

Id. at 510.

Â Â Â Â Â Â Â Â Â Â Â  The only question is whether under the
facts of a particular case an issue has been raised by the evidence so as to
require a jury instruction.Â  Id.Â  (quoting Murphy v. State, 640
S.W.2d 297, 299 (Tex. Crim. App. 1982)).Â  There must be a genuine dispute about
a material fact.Â  Id. at 510.Â  If there is no disputed factual issue,
the legality of the conduct is determined by the trial judge alone, as a
question of law.Â  Id.Â  And if other facts, not in dispute, are
sufficient to support the lawfulness of the challenged conduct, then the
disputed fact issue is not submitted to the jury because it is not material to
the ultimate admissibility of the evidence.Â  Id.Â  The disputed fact must
be an essential one in deciding the lawfulness of the challenged conduct.Â  Id. at 511.Â  Where no issue is raised by the evidence, the trial court acts properly
in refusing a request to charge the jury.Â  Id. at 510 (quoting Murphy,
640 S.W.2d at 299).

Â Â Â Â Â Â Â Â Â Â Â  The fact issue that Noland claims, on
appeal, was disputed was whether McSpadonÂs ability to look through the files
of NolandÂs computer was limited by Noland.Â  Even if this was a disputed fact
issue, which we do not determine, this fact is not material to the ultimate
admissibility of the evidence because there was another fact not in dispute
which was sufficient to support the lawfulness of the search.Â  That fact is
NolandÂs voluntary admission that the pornography on his computer was illegal.Â 
No other testimony disputed this admission.Â  Therefore, the trial court did not
err in refusing the requested jury charge.

Â Â Â Â Â Â Â Â Â Â Â  NolandÂs second issue is overruled.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having overruled NolandÂs issues on
appeal, we affirm the trial courtÂs judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis

Affirmed

Opinion
delivered and filed June 24, 2009

Do
not publish 

[CR25]









[1] Both
the search of the computer and the search of NolandÂs residence were conducted with
a warrant, not without a warrant.

Â 





[2] By
the time of the trial courtÂs decision on the motion to suppress, the search
warrant had been introduced into evidence.Â  However, the affidavit supporting
the warrant had not yet been admitted.





[3] Tex. Code Crim. Proc. Ann. art. 38.23
(Vernon 2005).